*Slidell* for the plaintiff—*Strawbridge* for the defendants.

---

DONALDSON & AL. vs. DORSEY'S SYNDIC.

The district court was not without jurisdiction *ratione materæ* in suits against an estate administered by an executor.

And a possessor under a sale made in virtue of a judgment of that court, is not *mala fide.*

APPEAL from the court of the first district.

MARTIN J. delivered the opinion of the court. This case was remanded from this court, in order to have the value of the improvements made, and the profits received by the insolvent, ascertained; it having been decided that he was without title to the house and lot, which is the principal object of the present suit.—*Vol.* 5.

From the last judgment of the district court the plaintiffs have appealed, and they complain that the court erred in considering the insolvent in bad faith, only from the period at which this court declared he had no title; they complain also, that the improvements are over valued and the profits under valued.

Their counsel has made the following points:

Eastern Dist
*January* 1829

DONALDSON
& AL.
*vs.*
DORSEY's
SYNDIC.

1. The insolvent bought in bad faith.

2. If he did not, his bad faith began at the institution of the suit for the recovery of the premises;

3. Or on the institution of a previous suit, which was discontinued;

4. Or on the institution of the plaintiffs' suit for the provisional possession.

5. The evidence established a different value of the improvements and profits.

I. The insolvent purchased at a sale under a judgment of the district court, at the instance of a person who styled himself agent of the executrixes of C. Van Prandelles, the plaintiffs' mother.

And it is urged the sale is a nullity, being ordered by a court without jurisdiction, and the objections made by these plaintiffs in a suit lately determined, in which the present plaintiffs recovered sundry slaves from Hull, a purchaser under circumstances not absolutely the same as the insolvent, but in many points similar.

If the district court was absolutely without jurisdiction, *i. e.* if they were so, *ratione ma-*

Eastern Dist.
January 1829

DONALDSON
& AL.
vs.
DORSEY'S
SYNDIC.

*teriæ*, the objection would prevail—but the point is now settled that district courts are not without jurisdiction *ratione materiæ*, in cases of vacant estates, or of estates administered by executors. *Tubes* vs. *Johnson, vol. 3.*

The striking difference between the present case and that in which the plaintiffs recovered from Hull, the existence of a judgment decreeing the sale, distinguishes the cases; and the insolvent bought at a sale, which would have transferred the property to him, if the person mentioned there, held as the testatrix had been really dead; the estate would have passed, unless the minority of the heirs would have prevented it; but this circumstance would have rendered the sale voidable not void; the nullity, if any, would be a relative one.

The absence of proof of the testatrix's death, makes her living to be presumed, and then the insolvent's title fails, because his vendors, the plaintiffs in the suit, had no title.

On the first point we think the district court did not err, in considering the insolvent as a *bona fide* purchaser.

II. III. & IV. On the three following points the appellee's principal reliance, is in the pro-

visions of the new civil code, 495, 3416.   The
sale under consideration is anterior to the code

and the rights to which it gave rise must be
regulated by the laws in vigor at the time.   So
the court is not precluded from the inquiry
whether the purchaser *knew*, before judgment,
that he was without title.   His title depended
on the circumstance of the plaintiffs' mother
having *died* before the letters testamentary
were granted to the persons named in her will,
as executrixes.   The *moral* presumption, in
every part of the world, where a vessel on a
coasting voyage does not arrive within the
year after her departure, and is not heard of,
is that she foundered within that period.   In
Louisiana the legal presumption does not arise
perhaps, till the person, if living, would be one
hundred years old.   The executrixes residing
in Maryland, and having sent their powers from
thence, and the suit being in their capacity of
executrixes, the insolvent, we presume, might
have believed either that direct proof was
made of her death, or such circumstances es-
tablished, which authorised the grant of the
letters.   He might possibly believe that the
plaintiffs' mother was dead.   His error would
then be an error of fact.   He knew that *he* had

Eastern Dist.
*January* 1829

DONALDSON
& AL.
*vs.*
DORSEY'S
SYNDIC.

never heard of her death, but he could not know that no one else had, and the suit in which the house and lot were sold, would induce an honest man to believe not only that she was dead, but that her death was known.

We conclude that the insolvent's possession before the judgment declaring he had no title, was not in bad faith.

V. The last point relates to a question of evidence. We have examined the testimony. In such cases the weight the judge *a quo* gives it, generally influences our judgment.

In the absolute absence of *moral* bad faith, the party who relies on the *technical*, must make his case perfectly clear.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*M'Caleb* for the plaintiffs—*Hennen* for the defendant.